explain or contradict the effect claimed for the entries adduced by defendant.

In *Boudinot v. Winter*, 190 Ill. 394, the Court said:

"We know of no principle that will enable a party to a suit to call upon his adversary for the production of documentary evidence, and, when it is so produced, claim the benefit of such part or portion thereof as may be to his advantage, and, at the same time, reject such part as tends against him, and also deprive his opponent of the right to its use."

We might also say that defendant suffered no harm from this use of the books by plaintiff.

Complaints are made of many rulings of the court on the admissibility of evidence. Some of the objections are highly technical. In other instances, where objections to questions were sustained, the testimony sought was already in evidence. Other points are met by what we have said concerning the absence of any duty from plaintiff to defendant in regard to plaintiff's manner of conducting its business.

The facts are not in dispute. The only questions involved are ones of law. In our view of the case the trial court committed no error in instructing the jury as he did, and the judgment will be affirmed.

*Affirmed.*

---

**Fred C. Rounds and Albert H. Wetten, Appellants, v. Victoria Hotel Company, Appellee.**

**Gen. No. 18,365.   (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed January 12, 1914.

## Statement of the Case.

Action by Fred C. Rounds and Albert H. Wetten, doing business as Rounds & Wetten, against Victoria Hotel Company, a corporation, to recover a commission for procuring a customer for defendant to lease certain premises belonging to defendant. The case was tried by the court without a jury. From a judgment in favor of defendant, plaintiffs appeal.

EDDY, WETTEN & PEGLER, for appellants; WILLIAM H. DIETERICH and HOWARD M. HARPEL, of counsel.

HOPKINS, PEFFERS & HOPKINS, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. BROKERS, § 88*—*when judgment for principal in action for commission not sustained by the evidence.* In an action for commissions for procuring a lessee for defendant's premises, a judgment in favor of defendant *held* not sustained by the evidence, it appearing that the plaintiffs procured a customer, that a commission was agreed upon and that the premises were afterwards leased to such customer by the principal through another agent.

2. BROKERS, § 48*—*when broker is procuring cause of final consummation with customer.* Where a real estate broker produces a customer and continues the negotiations he will be considered as the procuring cause of the final consummation with the customer, although the negotiations may be completed by the principal or through another party.

3. BROKERS, § 84*—*when conversation between broker and prospective customer admissible.* In an action to recover a commission for procuring a customer for leasing defendant's premises, a conversation between the customer and the plaintiffs *held* admissible for the purpose of showing that the customer had not abandoned the leasing.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.